1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT BISHOP,                          )   Case No.: 1:11-cv-00094-SAB (PC)
                                             )
12            Plaintiff,                      )
                                             )   ORDER DISMISSING ACTION FOR FAILURE
13       v.                                   )   TO COMPLY WITH FEDERAL RULES OF CIVIL
                                             )   PROCEDURE AND DIRECTING CLERK OF
14   KELLY HARRINGTON, et al.,                )   COURT TO ENTER JUDGMENT
                                             )
15            Defendants.                     )   [ECF No. 30]
                                             )
16   _____)

17          Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of

19   the United States Magistrate Judge on January 26, 2011.  Local Rule 302.

20          Plaintiff filed the instant action on January 20, 2011.  On March 15, 2013, Plaintiff filed an

21   amended complaint.

22          On May 10, 2013, Plaintiff's amended complaint was dismissed for failure to state a

23   cognizable claim.   (ECF No. 23.)  In that order, the Court advised Plaintiff of the applicable legal

24   standards and informed Plaintiff that he could not bring unrelated claims against unrelated parties in

25   one single action.  Plaintiff was granted the opportunity to amend the complaint to cure the

26   deficiencies.  The Court specifically advised Plaintiff that "[i]n his amended complaint, [he] shall

27   choose which claims he wishes to pursue in this action.  If [he] does not do so and his amended

28

                                                    1

complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined."  (ECF No. 23 at 3:20-22.)

On June 14, 2013, Plaintiff filed a second amended complaint.  On September 11, 2013, the undersigned struck the second amended complaint for failure to comply with the Court's May 10, 2013, order.  Specifically, the second amended complaint failed to comply with Federal Rules of Civil Procedure 18 and 20, because it named thirty three defendants and alleged claims for unrelated events that occurred from January 3, 2009 through November 2, 2010, at two different correctional institutions.  In that order, Plaintiff was specifically warned "that continued failure to take meaningful steps to obey the Court's orders may result in this action being dismissed for failure to obey a court." (ECF No. 27, 3:13-15.)  Plaintiff was granted one final opportunity to file a second complaint that complied with the Court's May 10, 2013, order.

On November 14, 2013, Plaintiff filed a second amended complaint.  Despite having been previously warned on two different occasions, Plaintiff's second amended complaint again fails to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure.  Plaintiff's second amended complaint names twenty six different defendants and continues to allege claims for unrelated events that occurred over a period of one year at two different correctional institutions.  Because Plaintiff has failed to comply with the Court's previous orders by perfecting his complaint to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, dismissal of the action is warranted.  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (court may dismiss complaint for failure to comply with Federal Rules of Civil Procedure.)  Further, his dismissal is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g).  See Knapp v. Hogan, No. 11-17512, 2013 WL 6801005 *3 (9th Cir. Dec. 26, 2013) (held "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement following leave to amend, are dismissals for failure to state a claim under § 1915(g).")

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     The instant action is dismissed for failure to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure;

///

2

2.      The Clerk of Court is directed to enter judgment; and

3.      This dismissal is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **January 7, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

3