# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>       Plaintiff,<br><br>     v.<br><br>R. LOPEZ, et al.,<br><br>       Defendants. | Case No.  1:15-cv-00273- LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF NO. 67] |

Plaintiff Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 4, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 67.) Plaintiff has filed two previous requests for counsel, which were denied (ECF Nos. 8, 26.)

Plaintiff's first motion for appointment of counsel, filed on January 10, 2011, sought the appointment of counsel on the following grounds: lack of meaningful source of income to obtain counsel; limited law library access; little experience in legal research; complex legal issues. (ECF No. 3.)  Plaintiff's second motion for the appointment of counsel, filed on June 14, 2013, sought the appointment of counsel on the following grounds: inability to afford counsel; complex issues; limited law library access; limited knowledge of the law; inability to obtain representation. (ECF No. 24.)

On January 8, 2014, this action was dismissed on procedural grounds. (ECF No. 31.)

1  Plaintiff appealed the dismissal. (ECF No. 33.)  Plaintiff's motion for the appointment of counsel
2  on appeal was denied. (ECF No. 38.)  On December 4, 2014, the dismissal was reversed and the
3  case was remanded to this Court and re-opened.  (ECF No. 39.)  This action proceeds on
4  Plaintiff's claim of unconstitutional conditions of confinement in violation of the Eighth
5  Amendment.

6  On September 4, 2015, Plaintiff filed his third request for the appointment of counsel.
7  Plaintiff requests the appointment of counsel on similar grounds as his previous requests:
8  inability to afford counsel; complex issues; limited law library access; inability to obtain
9  representation; limited legal knowledge.  Plaintiff also asserts that he requires the appointment of
10 counsel on the grounds that evidence is being destroyed, prison staff refuses to assist him in
11 obtaining documents, lack of access to writing materials and that his injuries will require medical
12 testimony.

13 As Plaintiff has previously been advised, there is no constitutional right to appointed
14 counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court
15 cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v.
16 United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
17 However, in certain exceptional circumstances the court may request the voluntary assistance of
18 counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

19 Without a reasonable method of securing and compensating counsel, the Court will seek
20 volunteer counsel only in the most serious and exceptional cases.  In determining whether
21 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
22 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
23 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

24 In the present case, the Court has considered Plaintiff's moving papers, but does not find
25 the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987);
26 Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of
27 unconstitutional conditions of confinement.  Plaintiff argues, as he has previously, that the issues
28 in this case are complex, and that he is experiencing difficulty in gaining access to the law library

and writing materials, that the issues are complex and that he is having difficulty in retaining private counsel. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in his various filings in this action. Plaintiff's claim that he is unable to afford legal counsel and he has been granted in forma pauperis status does not alone entitle him to appointed counsel. In addition, Plaintiff's other claims, as set forth above, do not warrant exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2015**

UNITED STATES MAGISTRATE JUDGE