**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BISHOP,<br><br>          Plaintiff,<br><br>     v.<br><br>RAUL LOPEZ, et al.,<br><br>          Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S SEPTEMBER 10, 2015, DENIAL OF THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 81] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's "objection" to the Court's September 10, 2015, order denying his third motion for the appointment of counsel. (ECF No. 81.) Although Plaintiff does not reference that he seeks reconsideration under Rule 60 of the Federal Rules of Civil Procedure, the Court construes his motion to be filed as such.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is to be

1

utilized only where extraordinary exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party must demonstrate both injury and circumstances beyond his control.  Harvest v. Castro, 531 F.3d at 749.  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

On September 10, 2015, the magistrate judge denied Plaintiff's third motion for appointment of counsel finding exceptional circumstances were not present to warrant appointment of counsel. (ECF No. 68.)

Plaintiff seeks reconsideration of the denial of counsel based on his claims that his evidence is being destroyed, prison staff refuse to assist him in obtaining documents, lack of access to writing materials, and the extent of his injuries which will entail medical testimony.  Plaintiff unsubstantiated and conclusory claim that evidence is being destroyed and staff refuse to assist him in obtaining documents does not present "exceptional" circumstances to warrant appointment of counsel.   Further, Plaintiff's claim that he is denied access to writing materials is negated by the fact that Plaintiff has filed several motions in this action subsequent to such claim.  In addition, Plaintiff's claim that this case will involve the medical testimony does not equate to a finding of complexity to warrant appointment of counsel.  Furthermore, the Court cannot make a determination that Plaintiff is likely to succeed on the merits given Defendants have filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies.  (ECF No. 78.)  Accordingly, Plaintiff's motion for reconsideration of the magistrate judge's September 10, 2015, order denying his third request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

  Dated:   **October 1, 2015**           **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE