# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>    v.<br><br>RAUL LOPEZ, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING PRISON OFFICIALS TO PROMPTLY DELIVER LEGAL MAIL UPON RECEIPT<br><br>[ECF No. 95] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now appearing before the Court is Plaintiff's motion for a court order directing prison officials to promptly deliver legal mail upon receipt and to cease opening mail outside of Plaintiff's presence. The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

///

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

This action is proceeding against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki regarding conditions of confinement in violation of the Eighth Amendment. In the instant motion, Plaintiff contends he has repeatedly received his legal mail from this Court already open. Injunctive relief may not be based on First Amendment mail interference, which appears nowhere in the complaint. A "request for injunctive relief by itself does not state a cause of action and is properly raised as a separate motion." Mbaba v. Indymac Federal Bank F.S.B., 2010 WL 424363, at *4 (E.D. Cal. 2010). "An injunction is a remedy, not a separate claim or cause of action. A pleading can … request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate. Jensen v. Quality Loan Service Corp., 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010). Because Plaintiff is not proceeding on a claim of interference with his legal mail, the Court lacks jurisdiction to issue the order sought by Plaintiff, and his motion must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed October 23, 2015, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 24, 2015**

UNITED STATES MAGISTRATE JUDGE