UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAUL LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING MERITS-BASED DISCOVERY, DENYING PLAINTIFF'S MOTION TO INCREMENT INTERROGATORIES, DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE, GRANTING PLAINTIFF'S MOTION TO DEFER RULING ON PENDING MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>[ECF Nos. 76, 79, 83, 94, 96, 98] |

　　Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT HISTORY**

　　This action is proceeding against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki for conditions of confinement in violation of the Eighth Amendment.

　　On June 23, 2015, Defendants filed an answer to the complaint. (ECF No. 51.) On June 25, 2015, the Court issued the discovery and scheduling order, opening discovery in this action. (ECF No. 52.)

On September 18, 2015, Plaintiff filed a motion to increment interrogatories pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 76.)

On September 24, 2015, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies. (ECF No. 78.) On this same date, Defendants filed a motion for a protective order staying "discovery on the underlying merits of the Complaint and limit discovery, if any, to the issue of exhaustion of Plaintiff's administrative remedies." (ECF No. 79, Motion, at 3.)

On September 28, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 83.) On October 7, 2015, the Court granted Defendant's request to extend the time to respond to Plaintiff's motion to compel until after the Court issues a ruling on Defendants' motion for a protective order staying discovery, should a response be deemed necessary by the Court. (ECF Nos. 88, 91.)

On October 19, 2015, Plaintiff filed a motion to defer ruling on Defendants' motion for summary judgment pending discovery. (ECF No. 94.)

On October 27, 2015, Plaintiff filed a motion for an extension of time to respond to Defendants' request for production of documents until after the Court issues a ruling on the pending motion for a protective order. (ECF No. 96.)

On November 5, 2015, Defendants filed an opposition to Plaintiff's motion to defer ruling on the pending motion for summary judgment. (ECF No. 97.)

On November 6, 2015, Plaintiff filed a motion for an extension of time to respond to Defendants' motion for a protective order. (ECF No. 98.)

## II.

## DISCUSSION

### A.  Motion to Defer Ruling on Pending Motion for Summary Judgment

On October 19, 2015, Plaintiff filed a motion to defer ruling on Defendants' motion for summary judgment pending discovery. (ECF No. 94.)

Defendants oppose Plaintiff's motion and contend "the discovery requested by Plaintiff is unnecessary, overly burdensome, and would cause undue expense to Defendants." (ECF No. 97, Opp'n at 2.)

Defendants do not address specifically Plaintiff's requests relating to exhaustion of the administrative remedies, and the Court is compelled to find that Plaintiff is entitled to a response to his discovery requests in order to respond to the pending motion for summary judgment.

Federal Rule of Evidence 56 provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, "a Rule 56(d) motion should be freely granted.  Burlington N. Santa Fe R.R. Co. v. Assinibione and Siuox Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).  A party asserting that discovery is necessary to oppose  motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."  Local Rule 260(b).  However, where "no discovery whatsoever has taken place, the party making a Rule 56[d] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.  Burlington N., 3232 F.3d at 774. "The Courts which have denied a Rule 56[d] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistence or was the object of pure speculation."  VISA Int'l Serv Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

Plaintiff contends, in part, that he expects "to obtain facts from discovery which will show that Plaintiff's appeal in question was properly submitted in accordance with the rules and regulations of that time and put officials on adequate notice of the problem.  Plaintiff's appeal alerted the officials to the nature of the wrong for which redress was sought. The specific facts Plaintiff hopes to elicit from further discovery includes factual regulations and policies that were in effect at the time Plaintiff filed his appeal.  Plaintiff is also requesting an appeals log which depicts appeal submissions from within the housing unit. Plaintiff, along with the production of documents, seeks to submit relevant

admissions request regarding his appeal, regulations and policies, appeal collections reviews and routing, appeals response and logging.  Plaintiff also submitted interrogatories relevant to, the appeals process, regulations and policies of the appeals process, Plaintiff's appeal and request. … Plaintiff's request for admissions and interrogatories are also necessary as the Defendants responses will show the existence of relevant facts.  Plaintiff has not received any responses, to his previously filed admissions and interrogatories from Defendants." (ECF No. 94, Motion, at 3-4.)

Defendants oppose Plaintiff's request on the ground that it is burdensome and unnecessary.  Defendants submit that they have produced, with their opposition, a copy of the applicable Title 15 sections concerning appeals" to the relevant time period.  In contrast, Plaintiff has set forth the specific facts and requests he believes discovery will reveal, and explained he believes how those facts may preclude summary judgment.  Defendants raise only general opposition to Plaintiff's exhaustion-related discovery requests, and Defendants have not demonstrated that the discovery sought is "almost certainly nonexistence or [is] the object of pure speculation."  VISA Int'l Serv. Ass'n., 784 F.2d at 1475.  Accordingly, the Court will grant Plaintiff's motion to defer ruling on Defendants' pending motion for summary judgment and order Defendants to respond to Plaintiff's outstanding discovery requests.[1]  However, this ruling applies only to requests for discovery that relate to exhaustion of the administrative remedies.

**B.     Defendants' Motion for Protective Order Staying Merits-Based Discovery**

As previously stated, Defendants seek a protective order staying discovery on the underlying merits of the Complaint and limit discovery, if any, to the issue of exhaustion of Plaintiff's administrative remedies." (ECF No. 79, Motion, at 3.)  Although Plaintiff has not filed an opposition and has requested an extension of time to do so, the Court finds a response by Plaintiff unnecessary in this instance based on the lack of prejudice to Plaintiff.  Accordingly, Plaintiff request for an extension of time to file an opposition shall be denied. (ECF No. 98).

The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th

---

[1] Defendants are not prevented from asserting a proper objection to any of Plaintiff's exhaustion related discovery requests.

4

Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170.

Because Defendants' motion for summary judgment is based solely on the ground that Plaintiff failed to exhaust the administrative remedies, any discovery requests related to the underlying merits of the complaint is outweighed by Defendants' burden in responding to discovery requests that may not be necessary if the motion for summary is granted. Accordingly, all merits-based discovery is stayed pending resolution of Defendants' motion for summary judgment. In light of this ruling, Plaintiff's motion to increment interrogatories (ECF No. 76) and motion to compel (ECF No. 83) are DENIED, without prejudice. Plaintiff's third motion to extend the time to respond to Defendants' discovery requests (ECF No. 96), and Plaintiff's motion for an extension of time to respond to Defendants' motion for a protective order (ECF No. 98) are denied as moot.

///

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to defer ruling on Defendants' pending motion for summary judgment is GRANTED;
2. Within forty-five (45) days from the date of service of this order, Defendants shall file a response to Plaintiff's exhaustion-related discovery requests;
3. Defendants' motion for a protective order to stay all merits-based discovery is GRANTED;
4. Plaintiff's motion to increment interrogatories (ECF No. 76) is DENIED, without prejudice;
5. Plaintiff's motion to compel (ECF No. 83) is DENIED, without prejudice;
6. Plaintiff's third motion to extend the time to respond to Defendants' discovery requests (ECF No. 96) is DENIED as moot; and
7. Plaintiff's motion for an extension of time to respond Defendants' motion for a protective order (ECF No. 98) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **November 24, 2015**

UNITED STATES MAGISTRATE JUDGE