1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8    ROBERT BISHOP,                          )   Case No.: 1:15-cv-00273-LJO-SAB (PC)
                                             )
9              Plaintiff,                     )
                                             )
10       v.                                   )   FINDINGS AND RECOMMENDATION
                                             )   REGARDING PLAINTIFF'S MOTION FOR A
11   RAUL LOPEZ, et al.,                      )   COURT ORDER REGARDING ACCESS TO THE
                                             )   LAW LIBRARY AND LEGAL MATERIALS
12             Defendants.                    )
                                             )   [ECF No. 112]
13   _____ )
                                             )
14

15        Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action

16   pursuant to 42 U.S.C. § 1983.

17        Currently before the Court is Plaintiff's motion for a court order allowing him access to the law

18   library and certain legal materials, filed March 18, 2016.  (ECF No. 112.)

19                                        **I.**

20                                  **DISCUSSION**

21        "A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v.</u>

22   <u>Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008) (citation omitted).  "A plaintiff seeking a

23   preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

24   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

25   favor, and that an injunction is in the public interest."  <u>Id.</u> at 20 (citations omitted).  An injunction may

26   only be awarded upon a clear showing that the plaintiff is entitled to relief.  <u>Id.</u> at 22 (citation omitted).

27   ///

28   ///

                                             1

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

This action is proceeding against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano, Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki regarding conditions of confinement in violation of the Eighth Amendment.   In the instant motion, seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and contends that he is limited to twenty sheets of paper per week and has been denied adequate envelopes.  Plaintiff also seeks access to the law library for ten hours per week.

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  It is mean to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'"  Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting Cheney v. U.S. District Court for Dist. of Columbia, 542 U.S. 367, 380 (2004)).

Plaintiff's attempt to seek relief by way of a petition for writ of mandamus is misplaced.  Irrespective of the jurisdictional issues based on Plaintiff's request for a federal writ directed to a state prison officials, see Cheney, 542 U.S. at 380 (section 1651(a) codified the common-law writ of mandamus against a lower court); Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925

F.2d 1160, 1161-1162 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, Cheney, 542 U.S. at 380-381.

Inasfar as Plaintiff alternatively seeks preliminary injunctive relief against Defendants, his request must be denied.  Although an inmate has a constitutionally protected right of meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 820-821 (1977), there is no freestanding constitutional right to law library access for prisoners, Lewis v. Casey, 518 U.S. 343, 350-351 (1996). Instead, law library access is a means of ensuring the constitutional right of access to the courts.  Id. at 351.  In addition, while Plaintiff may be inconvenienced by the Corcoran State Prison paper policy, such inconvenience does not appear to have affected Plaintiff's ability to file documents in this action. Indeed, Plaintiff's litigation history in this action supports the finding that Plaintiff has not been hindered in his ability to prosecute this action by limited access to certain materials.[1]  Thus, there is no irreparable harm.  Furthermore, Plaintiff provides copies of his complaints regarding access to certain legal materials, along with the staff responses, and there is no basis for the Court to intervene in this matter.  Accordingly, Plaintiff's motion for a court order must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed March 18, 2016, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

///

///

---

[1] As recent as March 4, 2016, Plaintiff filed a 23 page motion to compel and a 13 page request for judicial notice.  (ECF Nos. 109, 110.)

3

result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 21, 2016**

UNITED STATES MAGISTRATE JUDGE

4