UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAUL LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, GRANTING DEFENDANTS' MOTION FOR SECOND PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, AND DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>[ECF Nos. 109, 117, 120] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

On March 4, 2016, Plaintiff filed a motion to compel. (ECF No. 109.) Defendants filed an opposition on March 24, 2016. (ECF No. 114.)

On March 28, 2016, Defendants filed a motion for a second protective order staying discovery in this action pending resolution of their exhaustion-related motion for summary judgment. (ECF No. 117.) Plaintiff filed an opposition on April 7, 2016. (ECF No. 119.) Defendants did not file a reply and the motion is deemed submitted for review without oral argument. Local Rule 230(l).

On November 25, 2015, the Court granted Plaintiff's motion to defer ruling on Defendants' motion for summary judgment until Plaintiff received responses to discovery he served along with his motion. (ECF Nos. 94, 102.)

1

Defendants submit that Plaintiff has now served seventy-eight additional requests for admissions on Defendant Jones, eighty-four additional requests for admissions on Defendant Cano, and a fourth request for production of documents. Defendants seek a second protective order under Federal Rule of Civil Procedure 26(c) relating to these additional discovery requests propounded by Plaintiff. Defendants further request the Court direct Plaintiff to file an opposition to their pending motion for summary judgment or a statement of non-opposition to such motion.

## II.

## DISCUSSION

### A. Plaintiff's Motion to Compel

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 52, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to

risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In set three, Plaintiff propounded four requests for production, and Defendants responded to the first three requests, but objected to the fourth request in its entirety. (ECF No. 109, Mot. at pp. 16-

1 18.) Plaintiff moves to compel further responses to Plaintiff's third set of request for production of
2 documents, namely responses to the first, third, and fourth responses.
3      Defendants oppose Plaintiff's motion because (1) Defendants cannot produce documents that
4 were not retained in the ordinary course of business; (2) Defendants produced all documents that were
5 responsive to Plaintiff's request; and (3) Plaintiff's final request fell within the scope of Defendants'
6 protective order and Plaintiff is not entitled to discovery of documents unrelated to the issue of
7 exhaustion at this time.
8      1.   Requests for Production of Documents
9      A party may serve on any other party a request within the scope of Rule 26(b) to produce and
10 permit the requesting party or its representative to inspect, copy, test, or sample the following items in
11 the responding party's possession, custody or control: any designated documents or tangible things.
12 Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession,
13 custody, or control' if the party has actual possession, custody, or control thereof or the legal right to
14 obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL
15 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.
16 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.
17 Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal.
18 Mar. 19, 2010).
19      In responding to discovery requests, a reasonable inquiry must be made, and if no responsive
20 documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with
21 sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and
22 exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3
23 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of
24 possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1)
25 to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit
26 of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at
27 *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate
28

objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

a. **Request Number One**

**Request:** "Produce and Relinquish a copy of CSP-COR Facility 4B Unit One Right (4B-1R) Inmate Appeals Log from June 1, 2010 through December 31, 2010."  (ECF No. 109, Mot. at p. 16.)

**Response:** "Responding party objects on the ground that the request is overly broad and seeks documents that are not relevant to a claim or defense in this lawsuit.  Without waiving these objections, due to record retention policies and following a diligent search, the requested Inmate Appeal Log Book was not retained in the ordinary course of business and therefore cannot be produced."  (Id. at 16-17.)

**Ruling:** Plaintiff's motion to compel a further response to request for production number one must be denied.  Plaintiff objects to Defendants' response because "[i]t is inconceivable that the records Plaintiff is seeking were destroyed by CDCR."  (Id. at 3.)  In the absence of evidence to the contrary, not present here, the Court cannot order a defendant to produce documents that do not exist or that are not in the defendants' possession or control.  See Fed. R. Civ. P. 34(a)(1); United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of documents … bears the burden of proving that the opposing party has such control.").

b. **Request Number Three**

**Request:** "Produce and Relinquish a copy of all CDCR orders, directives, policies, procedures to be followed by Appeals Coordinators upon being notified, by inmate Appeal(s) and/or Inmate Request(s), of a dangerous living condition, a Health and Safety issue, or an unsanitary living condition."  (Id. at 17.)

**Response:** "Responding parties object on the grounds that the request is overly broad and seeks documents that are not relevant to a claim or defense in this lawsuit.  Responding parties further object on the ground that the request assumes facts not admitted.  Without waiving these objections, responding parties previously produced applicable sections of Title 15 and the Department Operations Manual that relate to the processing of Emergency Appeals as Defendants' Exhibit 11 in response to Plaintiff's second set of Request for Production of documents and Attachment A to Defendants'

5

1  Opposition to Plaintiff's Motion to Defer Ruling On Defendants' Motion for Summary Judgment,
2  ECF No. 97-1." (Id.)

3  **Ruling:** Plaintiff's motion to compel a further response to request number three must be
4  denied. Plaintiff argues that Defendants merely asserted a boilerplate objection and such
5  documentation is relevant to this action. Defendants provided a proper response to Plaintiff's request,
6  and it is unclear what other documents Plaintiff believes could exist that would be responsive to
7  Plaintiff's request. Accordingly, there is no basis to compel Defendants to provide a further response.

8      **c.**     **Request Number Four**

9  **Request:** "Produce and Relinquish a copy of the Appeals Coordinator, Authority,
10 Responsibilities and Expectations, Published by CDCR's Office of Appeals, which describes Rules
11 and Procedural Guidelines for Appeals Coordinators for the period of 2010, and 2011." (Id. at 17-18.)

12 **Response:** "Responding parties object on the grounds that the request is overly broad and
13 seeks documents that are not relevant to the issue of exhaustion." (Id. at 18.)

14 **Ruling:** Plaintiff's motion to compel a further response will be granted. Plaintiff contends
15 "[t]his request was specific and is relevant to the issue of exhaustion as it contains information
16 regarding the appeals process and the appeals coordinators responsibilities and would show that
17 Plaintiff's appeal that is in question by defendants' summary judgment motion was improperly
18 screened and denied Plaintiff available remedies." (Id. at 5.) Defendants argue that Plaintiff has failed
19 to explain why this document, which appears to be nothing more than a duty statement, is relevant to
20 the issue of whether he exhausted his administrative remedies. First, Defendants' boilerplate
21 objections such as overly broad and relevancy are improper in response to Plaintiff's request number
22 four. Second, contrary to Defendants' argument, Plaintiff has shown that a description of the duties of
23 the appeals coordinator bears some relevancy on the issue of exhaustion, and Defendants shall produce
24 a copy of the Appeals Coordinator, Authority, Responsibilities and Expectations, Published by
25 CDCR's Office of Appeals, which describes Rules and Procedural Guidelines for Appeals
26 Coordinators for the period of 2010 and 2011, if such documentation exists and is within their
27 possession, custody, and control.
28 ///

### B. Defendants' Motion for Second Protective Order

Pursuant to Federal Rule of Civil Procedure 56(d), a nonmovant may show by affidavit or declaration that it cannot present facts essential to justify its opposition, permitting the Court to defer ruling on the motion to allow the party to conduct discovery. Fed. R. Civ. P. 56(d). As previously stated, the Court granted Plaintiff's October 19, 2015, motion to defer briefing and ruling on Defendants' exhausted-related motion and granted Plaintiff the opportunity to complete the discovery he submitted along with his request. (ECF Nos. 94, 102.) Defendants indicate that they served responses to Plaintiff's discovery requests on January 19, 2016. (Samson Decl., ¶¶ 2-4.) In addition, Defendants provided responses to all other pending discovery request that were arguably related to exhaustion, with objections to all merit-based discovery in compliance with the Court's protective order. (Id.) "In total, Defendants have served responses to forty-one sets of discovery, responded to three meet and confer letters, and filed an opposition to a motion to compel." (Id. ¶¶ 2-7.)

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

///

7

Although a non-moving party in need of specific discovery to address issues raised in a dispositive motion is entitled to seek redress, Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69), Plaintiff has been granted the opportunity to conduct relevant exhaustion-related discovery and there is no basis to further extend discovery to oppose Defendants' exhausted related motion. In the Court's November 25, 2015, order granting Plaintiff's Rule 56(d) request, the Court directed Defendants to respond to Plaintiff's outstanding discovery requests. The Court did not permit Plaintiff to propound further discovery, as he has now done by propounding seventy-eight additional requests for admissions on Defendant Jones, eighty-four additional requests for admissions on Defendant Cano, and a fourth request for production of documents. As to these requests, Plaintiff has not identified any fact that discovery would reveal other than the need for responses to his requests for admissions and documentation. Indeed, it is particularly questionable as to why Plaintiff is in need of responses to admissions in order to oppose Defendants' motion. Plaintiff has not explained why any specific, but as yet unobtained facts, would preclude summary judgment, or how a further continuance would allow Plaintiff to produce evidence that would establish a material factual issue sufficient to preclude summary judgment. Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006). Plaintiff was not and will not be granted unfettered authority to engage in fishing expeditions in the hope of obtaining some information. See Calderon v. U.S. Dist. Court for the Northern District of California, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) (District courts need not condone the use of discovery to engage in fishing expeditions.) Additional discovery would amount to an abuse of the discovery process and is not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants' motion for a second protective order staying ALL discovery shall be granted.

///

///

///

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a further response to Request for Production No. 1 is DENIED;

2. Plaintiff's motion to compel a further response to Request for Production No. 3 is DENIED; and

3. Plaintiff's motion to compel a further response to Request for Production No. 4 is GRANTED and within **fifteen (15) days** from the date of service of this order Defendants shall produce Plaintiff a copy of the Appeals Coordinator, Authority, Responsibilities and Expectations, Published by CDCR's Office of Appeals, which describes Rules and Procedural Guidelines for Appeals Coordinators for the period of 2010 and 2011, if such documentation exists and is within their possession, custody, and control;

4. Defendants' second motion for a protective order staying ALL discovery is GRANTED and Defendants are relieved of the obligation to respond to Plaintiff's discovery served March 1, 2016, March 15, 2016, and March 20, 2016;

5. Defendants' motion for an extension of time to respond to the discovery is DENIED as moot;

6. Plaintiff shall file his opposition to Defendants' motion for summary judgment, if any, by **June 3, 2016**; and

7. Defendants may file a reply within seven (7) days of the filing of Plaintiff's opposition.

IT IS SO ORDERED.

Dated: **April 20, 2016**

UNITED STATES MAGISTRATE JUDGE

9