**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BISHOP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAUL LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S APRIL 20, 2016, ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER<br><br>[ECF No. 123] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 4, 2016, Plaintiff filed a motion for reconsideration of the Court's April 20, 2016, order granting Defendants' second motion for a protective order. (ECF No. 123.)

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is to be

1  utilized only where extraordinary exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The
2  moving party must demonstrate both injury and circumstances beyond his control.  Harvest v. Castro,
3  531 F.3d at 749.

4  On May 4, 2016, the Court granted Defendants' second motion for a protective order staying
5  all discovery pending a ruling on the exhaustion-based motion for summary judgment.  The Court
6  found that Plaintiff failed to demonstrate good cause for a further extension of the discovery deadline
7  in order to oppose Defendants' pending motion, and "[a]dditional discovery would amount to an abuse
8  of the discovery process and is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1)."
9  (ECF No. 121, Order at 8:22-23.)

10  Plaintiff now seeks reconsideration and argues he "was unaware and not instructed that he
11  required leave of the court to continue the discovery process for the exhaustion-based discovery for his
12  opposition, nor was a deadline provided."  (ECF No. 123, Mot. at 1.)  Plaintiff contends the
13  outstanding discovery requests served on Defendants are relevant to exhaustion of the administrative
14  remedies.  (Id.)  Plaintiff merely contends that he is in need of further discovery, yet he fails to
15  demonstrate how such information is necessary and determinative of the pending motion for summary
16  judgment.  As stated in the Court's April 20, 2016, order:

> The Court did not permit Plaintiff to propound further discovery, as he has now done by propounding seventy-eight additional requests for admissions on Defendant Jones, eighty-four additional requests for admissions on Defendant Cano, and a fourth request for production of documents.  As to these requests, Plaintiff has not identified any fact that discovery would reveal other than the need for responses to his requests for admissions and documentation.  Indeed, it is particularly questionable as to why Plaintiff is in need of responses to admissions in order to oppose Defendants' motion.  Plaintiff has he explained why any specific, but as yet unobtained facts, would preclude summary judgment, or how a further continuance would allow Plaintiff to produce evidence that would establish a material factual issue sufficient to preclude summary judgment.  Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

(ECF No. 121, Order at 8:7-17.)  Plaintiff fails to present sufficient justification to demonstrate that
the April 20, 2016, order granting Defendants' second motion for a protective order was clearly
erroneous or contrary to law.  As discussed above, Plaintiff's desire to continue to propound discovery
to oppose the pending exhaustion-related motion for summary judgment is not warranted and

Plaintiff's motion for reconsideration shall be denied. As stated in the Court's April 20, 2016, Plaintiff's opposition to Defendants' motion for summary judgment, if any, is due by June 3, 2016. (ECF No. 121, Order at 9:20-21.)

## II.

## ORDER

Based on the foregoing, Plaintiff's motion for reconsideration of the magistrate judge's April 20, 2016, order granting Defendants' second motion for a protective order is DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2016**                            /s/ Lawrence J. O'Neill
                                                                   UNITED STATES CHIEF DISTRICT JUDGE