1
2
3
4
5      **UNITED STATES DISTRICT COURT**
6      **EASTERN DISTRICT OF CALIFORNIA**
7

8  ROBERT BISHOP,                        )  Case No.: 1:15-cv-00273-LJO-SAB (PC)
                                         )
9              Plaintiff,                )
                                         )
10     v.                                )  FINDINGS AND RECOMMENDATIONS
                                         )  REGARDING DEFENDANTS' MOTION FOR
11                                       )  SUMMARY JUDGMENT
   RAUL LOPEZ, et al.,                   )
12                                       )  [ECF No. 78]
               Defendants.               )
13                                       )
   _____)
14

15         Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action

16  pursuant to 42 U.S.C. § 1983.  Plaintiff consented to United States magistrate judge jurisdiction on

17  January 26, 2011.  (ECF No. 9.)  Defendants declined United States magistrate judge jurisdiction on

18  June 25, 2015; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. §

19  636(1)(B) and Local Rule 302.

20         Currently before the Court is Defendants' motion for summary judgment, filed September 24,

21  2015.  (ECF No. 78.)

22                                     **I.**

23                             **RELEVANT HISTORY**

24         This action is proceeding against Defendants Lopez, Germond, Rodriguez, Vogel, Jones, Cano,

25  Marshall, Cruz, Tucker, Mauldin, Maita, and Dynsinki regarding conditions of confinement in

26  violation of the Eighth Amendment.

27         On June 23, 2015, Defendants filed an answer to the second amended complaint.  (ECF No.

28  51.)  On June 25, 2015, the Court issued the discovery and scheduling order.  (ECF No. 52.)

                                         1

On September 24, 2015, Defendants filed a motions for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a).  Fed. R. Civ. P. 56(c); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014).[1]  (ECF Nos. 78.)  On June 6, 2016, Plaintiff filed an opposition to Defendants' motion, and Defendants filed a reply on June 16, 2016.  (ECF Nos. 127, 128, 132.)

On June 27, 2016, Plaintiff filed a surreply, and on July 1, 2016, Defendants filed a motion to strike Plaintiff's surreply as an unauthorized pleading.  (ECF Nos. 133, 134.)

On February 4, 2016, Defendants Tarnoff, Soto, Harrington, Castro, Horton, Biter, Tyson, and Hudson filed a reply to Plaintiff's opposition.  (ECF No. 104.)  On February 5, 2016, Defendant Sclafani filed a reply to Plaintiff's opposition.  (ECF No. 105.)

**II.**

**LEGAL STANDARD**

**A.      Statutory Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'").  Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

### B.    Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If the undisputed evidence viewed in

the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

**A.      Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  In 2009, the timeline for submitting inmate appeals fifteen working days, not thirty days.  Cal. Code Regs. tit. 15, § 3084.6(c) (2009).  Inmates appeals must be submitted timely, and an appeal may be rejected when the "time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009).

**B.      Defendants' Motion to Strike Plaintiff's Surreply**

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*).  The Court generally views motions for leave to file a surreply with disfavor.  Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.

1  1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to
2  respond).

3      Although Plaintiff does not have a right to file a surreply, in this instance the Court will
4  exercise its discretion and consider the sur-reply in ruling on Defendants' motion for summary
5  judgment.  Accordingly, Defendants' motion to strike the filing of the surreply should be denied.

6      **C.    Summary of Allegations Underlying Plaintiff's Constitutional Claims**

7      On April 9, 2010, Plaintiff was moved into a dilapidated cell at the California State Prison,
8  Corcoran (CSP-Corcoran) Security Housing Unit (SHU).  While housed in the SHU, Plaintiff's cell
9  plumbing was in such disrepair that it caused murky foul smelling sewer water to leak into and form
10 puddles on the cell floor as well as to fill a deep hole in the cell floor where there was exposed rusty
11 rebar.  Due to his living conditions, Plaintiff began to suffer severe stomach cramps, diarrhea, and
12 mosquito bites.  Plaintiff also slipped in the sewer-water, fell and hit his head on the cell door, splitting
13 his scalp, and causing injury to his neck, left arm, and back.  Plaintiff and his cellmate, James
14 Milliken, complained to SHU staff verbally and through inmate appeals and all complaints were
15 ignored or denied.  Plaintiff and his cellmate also requested to be moved to a more habitable cell, but
16 their request was denied.

17     **D.    Statement of Undisputed Facts**

18     1.    On April 9, 2010, Plaintiff was housed at the CSP-Corcoran SHU.  (Second Am.
19 Compl., p. 8, ¶ 34, November 14, 2013, ECF No. 30.)

20     2.    While housed in the SHU, Plaintiff's cell plumbing was in such disrepair that it caused
21 murky, foul smelling sewer-water to leak into the cell and form puddles on the floor as well as fill a
22 deep hole in the cell floor where Plaintiff was exposed to rusty rebar.  (Id. at ¶ 35.)

23     3.    Due to the living conditions, Plaintiff began to suffer severe stomach cramps, diarrhea,
24 and mosquito bites.  (Id. at ¶ 37.)

25     4.    Plaintiff also slipped in the sewer-water, fell and hit his head on the cell door, splitting
26 his scalp, and causing injury to his neck, left arm, and back.  (Id.)

27

28

5.      Plaintiff and his cellmate, James Milliken (#F-08618), complained to SHU staff verbally and through inmate appeals.[2]  (Id. at ¶ 36.)

6.      Plaintiff and his cellmate also requested to be moved to a more habitable cell, but their request was ignored and denied.

7.      The Office of Appeals (OOA) never accepted an appeal concerning issues with plumbing or sanitation within Plaintiff's CSP-Corcoran SHU cell.  (Voong Decl., ¶ 10.)

8.      OOA received Plaintiff's 602 appeal concerning living conditions on July 26, 2010.  (Voong Decl., ¶ 13; Defs.' Ex. 6, p. 3.)

9.      OOA mailed a rejection notice to Plaintiff on August 25, 2010.  (Voong Decl., ¶ 14; Defs.' Ex. 6, p. 2.)

10.     On September 23, 2010, Plaintiff inquired to the CSP-Corcoran appeals office regarding the status of IAB # 1001964 sent on 9-1-10.  (Pacillas Decl., ¶ 11; Defs.' Ex. 6, p. 8.)

11.     The CSP-Corcoran appeals office informed Plaintiff on September 27, 2010, that the CSP-Corcoran appeals office does not utilize the IAB Log #.  (Pacillas Decl., ¶ 13; Defs.' Ex. 6, p. 8.)

12.     On October 10, 2010, Plaintiff sent an additional request to the CSP-Cocoran appeals office concerning the status of his appeals.  (Pacillas Decl., ¶ 14; Defs.' Ex. 6, p. 9.)

13.     On October 19, 2010, Plaintiff received a response to his October 10, 2010, inquiry.  (Pacillas Decl., ¶ 15; Defs.' Ex. 6, p. 9.)

14.     On October 24, 2010, Plaintiff sent an additional letter to the CSP-Corcoran appeals office.  (Pacillas Decl., ¶ 16; Defs.' Ex. 6, p. 10.)

15.     On November 3, 2010, Defendant Cano responded to Plaintiff's October 24, 2010, letter.  (Pacillas Decl., ¶ 18; Defs.' Ex. 6, pp. 11-12.)

///

///

---

[2] Plaintiff attempts to dispute this fact by adding that he also complained to staff by "other 'written means,' including request forms.  (Opp'n at 2, ECF No. 127.)  Plaintiff cannot attempt to dispute this fact by adding additional factual information because such attempt is improper as nonresponsive.

1     **E.     Defendants' Arguments**

2          Defendants move for summary judgment on the ground that Plaintiff failed to submit any

3     appeals to the third and final level of the administrative grievance process concerning his claim in the

4     instant, and the action should be dismissed for failure to exhaust.

5     **F.     Plaintiff's Opposition**

6          In opposition, Plaintiff argues that he had no recourse after prison officials lost his initial

7     appeal that was sent to plant-ops supervisors.  Plaintiff further argues that after he resubmitted the

8     appeal, the appeals coordinator's improper screening of the subsequent appeal rendered his

9     administrative remedies unavailable.

10    **G.     Defendants' Reply**

11         In reply, Defendants argue that the contents of Plaintiff's allegedly lost appeal are unknown

12    and Plaintiff was not precluded from filing a new appeal.  Furthermore, Plaintiff failed to comply with

13    appeals coordinators instructions to re-submit his appeal and therefore is precluded from arguing that

14    the administrative remedies were unavailable.

15    **H.     Findings on Motion**

16         It is undisputed in this case that Plaintiff did not pursue his inmate appeal, IAB # 1001964,

17    through the third level of review, and no other appeals dealing with Plaintiff's living conditions were

18    filed within the relevant time frame.  (Voong Decl. ¶¶ 7-16; Pacillas Decl. ¶¶ 10, 23.)  Thus,

19    Defendants have met their initial burden in demonstrating that Plaintiff failed to exhaust the

20    administrative remedies.

21         In response, Plaintiff contends that the appeal was improperly screened out and rejected at the

22    second and third levels of review, thereby rendering administrative remedies effectively unavailable to

23    him and excusing his failure to exhaust.  Defendants argue that the screening of Plaintiff's appeal was

24    proper and authorized by the governing regulations and that Plaintiff's failure to follow the appeals

25    coordinators' directions does not excuse his failure to exhaust.

26         Once the defendant has met his burden of showing that the plaintiff did not utilize

27    administrative remedies, the burden shifts to the plaintiff "to demonstrate that the grievance procedure

28    was unavailable."  <u>Albino</u>, 697 F.3d at 1032.

On July 23, 2010, Plaintiff submitted inmate appeal, IAB # 1001964, relating to his living conditions (discussed below). (Defs.' Ex. 6, p. 3.)  The appeal was rejected on August 25, 2010, by letter because Plaintiff failed to receive a response at the second level of review. (Defs.' Ex. 6, p. 2.)

Plaintiff declares that on September 1, 2010, he re-submitted the appeal to the appeals coordinator.  (Opp'n, Declaration ¶ 23, ECF No. 127.)

It is undisputed that on September 23, 2010, Plaintiff inquired to the CSP-Corcoran appeals office about the status of his IAB # 1001964 appeal, through a request for interview. (Defs.' Ex. 6, p. 8.)  On September 27, 2010, the CSP-Corcoran appeal office informed Plaintiff that it did not track the status of OOA-formerly "IAB" appeals. (Defs.' Ex. 6, p. 8.)

On October 19, 2010, the office technician informed Plaintiff that the appeals office never received the referenced appeal and instructed Plaintiff that if he was still having issues with plumbing in his cell, he should resubmit the appeal with the entire package to show the appeals coordinator his prior attempts to resolve the issue.  (Id.)

On October 24, 2010, Plaintiff submitted a letter to the appeals coordinator. (Defs.' Ex. 6, p. 10.)  On November 3, 2010, appeals coordinator, T. Cano, returned the appeal to Plaintiff stating that multiple issues were presented.  (Id., p. 11.)  Plaintiff was directed to make the necessary changes and correction and resubmit the appeal within fifteen working day.  (Id.)

On November 7, 2010, Plaintiff submitted a response to the appeals coordinator.  (Defs.' Ex. 6, p. 13.)

On November 15, 2010, Plaintiff's appeal was rejected because he failed to separate the issues. (Id., p. 14.)

On November 19, 2010, Plaintiff again wrote a letter to the OOA.  (Defs.' Ex. 6, p. 15.)

On December 24, 2010, appeal number, IAB # 1001964, the appeal was rejected because the previous appeal was rejected, withdrawn, or cancelled at the institution level. Plaintiff was informed that if he disagreed with that decision, to contact the appeals coordinator.  (Defs' Ex. 6, p. 16.)

Plaintiff has failed to demonstrate that he exhausted the administrative remedies or that he is excused from exhausting such remedies.  First, Plaintiff initially submitted the grievance to the improper level of review which was properly rejected.  Second, despite repeated instructions to re-

submit the appeal through the proper channels of administrative review, Plaintiff failed to follow such instruction.  Instead, Plaintiff opted to write letters to the appeals coordinator and OOA which is not the proper procedure to exhaust the administrative remedies.  In recognition of the fact that exhaustion requirements are designed to deal with parties who do not want to exhaust, "proper exhaustion" of the administrative remedies is required and "proper exhaustion" demands compliance with an agency's deadlines and other critical procedural rules.  Ngo, 548 U.S. at 90-91 (quotation marks omitted).

While Plaintiff disagreed with the finding that his appeal presented multiple issues, Plaintiff was advised in the screening responses of October 19, 2010, November 3, 2010, November 15, 2010, and December 24, 2010, to make the "make the changes or corrections requested and resubmit the original appeal within fifteen working days.  Once an appeal has been cancelled that appeal may not be resubmitted.  However a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation decision is granted."  (Defs' Ex. 6, at 14, 16, 19, 21.)  Plaintiff simply failed to follow the instructions and elected to submit written letters expressing his opposition to the screening decision despite the clear advisement to re-write and re-submit the appeal or properly appeal the alleged improper screening.  Plaintiff was afforded of the opportunity to properly appeal the screening rejection but neglected to do so.  Plaintiff may not benefit from a purported unavailability of administrative remedies where he disregarded the procedural rules of which he was on notice and which could have afforded him relief from the screening of his appeal.  Simply stated, Plaintiff himself elected to bypass the administrative grievance process and file suit.  See Ward v. Deuel Vocational Inst., No. 2:11-CV-1096 JAM KJN, 2013 WL 1907532, at *1-5 (E.D. Cal. May 7, 2013) (holding that administrative remedies are not available when plaintiff failed to make reasonable and appropriate efforts to pursue and exhaust the screened grievance.)  Accordingly, Defendants' motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies should be granted.

///

///

///

///

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendants' motion to strike Plaintiff's surreply be DENIED; and

2.     Defendants' motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **August 9, 2016**

UNITED STATES MAGISTRATE JUDGE