UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>    Plaintiff,<br><br>v.<br><br>RAUL LOPEZ, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00273-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS TO BE IMPOSED ON DEFENDANTS<br><br>[ECF No. 137] |

Plaintiff Robert Bishop is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 3, 2016, Plaintiff filed a motion requesting the Court impose sanctions on Defendants. Defendants filed an opposition on August 24, 2016, and Plaintiff did not file a reply with seven days after service. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(*l*). Plaintiff seeks sanctions under Federal Rule of Civil Procedure 37 claiming that Defendants failed to produce a document responsive to his discovery request.

## I.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).

On April 20, 2016, the Court granted Plaintiff's motion to compel a further response to Plaintiff's Request for Production number 4. (ECF No. 121, Order at p. 6.) The Court specifically ordered Defendants to produce "a copy of the Appeals Coordinator, Authority, Responsibilities and Expectations, Published by CDCR's Office of Appeals, which describes Rules and Procedural Guidelines for Appeals Coordinators for the period of 2010 and 2011, if such documentation exists…." (Id.)

Defendants submit that in response to the Court's April 20, 2016, order, they contacted the California Department of Corrections and Rehabilitation's (CDCR) Office of Appeals and requested the identified document. (Declaration of Kelly Samson, (Samson Decl.) ¶ 4.) Plaintiff contends, however, that Defendants failed to make a diligent search for the document based on the limited information he received following a Public Records Act (PRA) Request. The discovery request and supplemental response at issue state as follows:

> **REQUEST FOR PRODUCTION NO. 4:**
>
> "Produce and Relinquish a copy of the Appeals Coordinator, Authority, Responsibilities and Expectations, Published by CDCR's Office of Appeals, which describes Rules and Procedural Guidelines for Appeals Coordinators for the period of 2010, and 2011."
>
> **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
>
> "Following a diligent search, responding parties have been unable to locate any documents published by the Office of Appeals entitled: 'Appeals Coordinator, Authority, Responsibilities and Expectations' from 2010 or 2011, and do not believe that any such documents exist. Responding parties are informed and believe that the official documents that the Appeal's Coordinators follow as rules and procedural guidelines are outlined in Title 15 and the Department Operations Manual, as well as any court orders or memorandums from the department.

(Plaintiff's Motion for Sanctions, ECF No. 137, pp. 7-8.)

Defense counsel declares that Defendants response was based on representations made by the Office of Appeals. (Samson Decl. ¶ 5.) The Office of Appeals informed Defendants that they had not published a document entitled "Appeals Coordinator, Authority, Responsibilities and Expectations" from 2010 or 2011. (Id.) Counsel further declares that the Office of Appeals informed Defendants that the official documents Appeals Coordinators follow as rules and procedural guidelines are

outlined in Title 15, the Department Operations Manual, and any court orders or memorandums from CDCR.  (Id. ¶ 6.)

The record does not support a finding that Defendants acted in bad faith in providing a supplemental response to Plaintiff's discovery request, and Plaintiff's motion for sanctions pursuant to Rule 37 is denied.  See, e.g., Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) ("In the Ninth Circuit, sanctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'") (quoting United States v. Kahaluu Construction Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988).)  In providing a supplement response, defense counsel contacted CDCR's Office of Appeals and requested a copy of the document as described by Plaintiff in Request No. 4.[1]  (Samson Decl. ¶ 4.)  S. Sandoval, an Assistant Governmental Program Analyst and Litigation Coordinator at the Office of Appeals, informed counsel Samson that the Office of Appeals had not published a document entitled: "Appeals Coordinator, Authority, Responsibilities and Expectations" in 2010 or 2011.  (Id. ¶ 5.)  S. Sandoval also informed counsel that the Appeals Coordinators rely on Title 15, the Department Operations Manual, and any court orders or memorandums from the department as official documents when responding to inmate's appeals.  (Id. ¶ 6.)  Based on the representations and information provided to counsel, Defendants drafted the supplemental response as set forth above.

Plaintiff subsequently contacted CDCR and submitted a PRA Request.  CDCR's Office of Legal Affairs (OLA) informed Plaintiff that they located a document entitled "Appeals Coordinator Training and Orientation Package, Inmate Appeals and Request for Interview, Item or Service Processes."  (ECF No. 137, Mot. p. 13.)  After defense counsel received Plaintiff's motion for sanctions, she contacted Kathryn Clark, at the Office of Legal Affairs who responded to Plaintiff's PRA Request, and counsel received a copy of the document provided to Plaintiff.  (Id. ¶¶ 9, 10.)  Defendants correctly note that the document received by Plaintiff is not entitled "Appeals Coordinator, Authority, Responsibilities and Expectations."  In addition, the document referenced by the OLA is a January 2016 handbook that was published by CDCR, not a 2010 or 2011 document published by the

---

[1] S. Sandoval informed counsel that she has been employed by the Office of Appeals since June 2007, with the exception of working laterally at Parks and Recreation for two months.  (Id. ¶ 7.)

Office of Appeals.  (Samson Decl. ¶ 10; Ex. A.)  Furthermore, the cover page of the document specifically indicates the document is a "desk tool only.  Do not cite in appeal responses."  (Id.)  Thus, the relevance of such document is questionable and Plaintiff fails to explain otherwise given the information provided by Defendants.  If Plaintiff wishes to obtain a copy of the 2016 version of the non-citable handbook, Plaintiff may exercise his rights under the PRA.

Based on the evidence before it, the Court cannot find that sanctions should be imposed against Defendants based on their supplemental response, and Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **September 7, 2016**

UNITED STATES MAGISTRATE JUDGE